```
 1  THE DUNNING LAW FIRM
    A Professional Corporation
 2  Donald T. Dunning (144665)
    James MacLeod (249145)
 3  4545 Murphy Canyon Road, Suite 200
    San Diego, CA 92123
 4  Tel: (858) 974-7600
    Fax: (858) 974-7601
 5
    Attorneys for Movant
 6  ONEMAIN FINANCIAL GROUP, LLC

 7

 8                    UNITED STATES BANKRUPTCY COURT
              NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION
 9

10  In re                         ) Case No.: 19-52439 MEH
                                  ) Chapter 13
11  CORENA RAY POWERS,            ) R.S. No. JM-1
                                  )
12          Debtors.              ) MOTION BY ONEMAIN FINANCIAL
                                  ) GROUP, LLC FOR RELIEF FROM
13                                ) AUTOMATIC STAY
                                  )
14                                ) [11 U.S.C. 362(d)(1).]
                                  )
15                                ) Date:  3/13/20
                                  ) Time:  10:00 a.m.
16                                ) Judge: Hon. M. Elaine Hammond
                                  ) Ctrm: 11
17                                ) 280 South Frist Street,
                                  ) San Jose, CA
18                                )
                                  )
19                                )
                                  )
20                                )
                                  )
21                                )
    _____)
22

23       This is a core proceeding as defined by the United States

24  Bankruptcy Code and this secured creditor consents to a final Order

25  or Judgment by the above-entitled court.

26       The above-entitled Court has jurisdiction over the subject

27  matter of this action pursuant to 28 U.S.C. §157(a), et seq. and 28

28  U.S.C. §1334, et seq.
```

PLEASE TAKE NOTICE as specified above, ONEMAIN FINANCIAL GROUP, LLC ("Movant"), a secured creditor of Debtor CORENA RAY POWERS ("Debtor") will and hereby does move this Court to vacate the automatic stay entered in this proceeding as it pertains to Movant's ability to obtain a security lien against a 2011 Toyota Camry-4 Cy, VIN#4T1BJ3EK3BU745707 ("Camry"), so Movant's interest in and to the Camry may be secured or otherwise disposed of in any manner permitted by the laws of the State of California. The Movant is in the business of loaning money and financing related to vehicles and equipment. Movant is duly qualified, under the laws of the State of California, to do business in California.

PLEASE TAKE FURTHER NOTICE there is no provision under the prevailing contractual agreement or under California State law which requires Movant to send monthly invoices or payment coupons and Movant contends the Debtor was, in the normal course of business, informed of the identity of the holder of the contract, the amount of the monthly payment, the date upon which the monthly payment is due, and the address to which monthly payments should be sent.

Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant the Movant's requested relief from stay because the Movant's interest in the Property is not adequately protected: first, even though recognized in the Debtor's bankruptcy as being a secured creditor, due to outstanding citations unpaid by the Debtor prior to Bankruptcy, the Movant's security lien against the Camry was never perfected; second, even the Court has ruled on the Debtor's motion to value collateral as recognizing the Movant as a secured creditor, it's lien needs to be perfected with the state of California; third, no proof of insurance regarding Movant's collateral has been

2
IN RE CORENA RAY POWERS
Case No. 19-52439 MEH - Motion for Relief from Automatic Stay
Case: 19-52439    Doc# 39    Filed: 02/11/20    Entered: 02/11/20 09:28:46    Page 2 of 4

provided to Movant and to the State of California and the vehicle cannot be licensed until outstanding citations have been paid; and fourth, Debtor is still in possession of the Camry and has made provision for paying for the vehicle even though it is not properly licensed and insured.

    Movant will move the above-captioned Court to exercise its jurisdiction in this matter and grant Movant immediate relief from the pending automatic stay provisions which will allow Movant to take either perfect its lien or immediately take possession of the Camry and dispose of the same during the normal course of business. Movant will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Movant to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362, any and all notice required by State and/or Federal law, regulation or statute.

    Pursuant to *Federal Rules of Bankruptcy Procedure,* Rule 4001(d), a true and correct photocopy of the [proposed] Order setting forth Movant's request for relief is filed separately herewith and is incorporated herein by reference as Exhibit C. Also, Movant will move the Court to grant such other and further relief as the Court may deem just and proper. This Motion is based on the Notice of Hearing, the Motion, the Declaration of Stephanie Ray, the pleadings and papers on file in these proceedings and such further oral and documentary evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Movant respectfully prays that this Court:

    1.    Vacate the automatic stay provisions effected under 11 U.S.C. §362, as to Debtor along with any and all other stays which

3

might be in effect, so as to allow Movant to prefect its title to the Camry, and if necessary, and enforce its rights and remedies under the parties' original contractual agreement and thereby, if the Debtor continues to fail to satisfy the citations due or to provide adequate proof of insurance, to allow Movant to gain immediate possession of the Camry and dispose of the same in a commercially-reasonable sale;

2. Terminate the pending automatic stay provisions to allow Movant to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362, any and all notice required by State and/or Federal law, regulation or statute;

3. Waive the provisions of <u>Federal Rules of Bankruptcy Procedure</u>, Rule 4001(a)(3); and,

4. Grant such other and further relief as the Court may deem just and proper.

Dated: February 10, 2020         THE DUNNING LAW FIRM, APC

_____
Donald T. Dunning
James MacLeod
Attorneys for Movant
ONEMAIN FINANCIAL GROUP, LLC